UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| RONALD L. BASKETT,, | ) | CASE NO. C06-0576-RSL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| RONALD L. CASTLEBERRY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, a state prisoner proceeding *pro se*, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, along with an application for leave to proceed *in forma pauperis* ("IFP application"). The complaint names as sole defendant the Honorable Ronald L. Castleberry, a judge on the Snohomish County Superior Court. While the precise nature of plaintiff's complaint is unclear, it appears from exhibits that plaintiff attaches to his complaint that he is challenging actions taken by Judge Castleberry regarding plaintiff's habeas petition in state court. (Proposed Complaint, Ex. "BB"). Pursuant to 28 U.S.C. § 1915A, the court has reviewed the complaint and IFP application, and, for the reasons stated below, the court recommends that plaintiff's complaint and this action be dismissed prior to service on defendant.

REPORT AND RECOMMENDATION
PAGE -1

First, although plaintiff's IFP application shows that he is indigent, court records reveal that plaintiff has had three cases dismissed for failure to state a claim upon which relief can be granted.[1] The Orders dismissing these three cases explicitly designated the dismissals to count as "strikes" under 28 U.S.C. § 1915(g).  Under that provision of law, plaintiff's IFP application is barred, notwithstanding his indigency, unless plaintiff can show that he "is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).[2] *See also Andrews v. King*, 398 F.3d 1113 (9th Cir. 2005).  Neither plaintiff's IFP application nor his complaint argue or show that he is under imminent danger of serious physical injury.  Accordingly, his IFP application should be denied.

Second, even if plaintiff were permitted to proceed *in forma pauperis*, his complaint here could not proceed because the sole defendant is protected by judicial immunity.   *See Fry v. Melaragno*, 939 F.2d 832, 835-36 (9th Cir. 1991), *quoting Mitchell v. Forsyth,* 472 U.S. 511, 520 (1985).  Accordingly, his complaint fails to state a claim upon which relief can be granted.

---

[1] The three cases are: *Baskett v. Agar*, Case No. C05-5743-FDB, *Baskett v. Quinn*, Case No. C06-266-RSL, and *Baskett v. King County*, et al. Case No. C06-338-RSM.

[2] Section 1915(g) was enacted as part of the 1996 Amendments to the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321, § 804(d) ("PLRA") and provides that:

> In no event shall a prisoner bring a civil action or appeal . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury*.

28 U.S.C. § 1915(g) (emphasis added).

01   For the foregoing reasons, plaintiff's IFP application should be denied and this matter

02 dismissed.  A proposed Order reflecting this recommendation is attached.

03   DATED this <u>12th</u> day of May, 2006.

04

05                                             _____
                                               Mary Alice Theiler
06                                             United States Magistrate Judge

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

REPORT AND RECOMMENDATION
PAGE -3